UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION

ELIZABETH DAWN MURR, )
)
Plaintiff ) Case №.:
)
v. )
)
UNITED STATES OF AMERICA, )
(Treasury Department, Internal )
Revenue Service), )
)
Defendant )
)
_____)

## COMPLAINT

**THE PLAINTIFF**, Elizabeth Dawn Murr (hereinafter referred to as "Plaintiff," or "Murr"), sues the Defendant, United States of America, Treasury Department, Internal Revenue Service (hereinafter referred to as "Defendant," "USA," or "IRS"), and alleges:

### Jurisdiction and Venue

1. This is an action arising under the Internal Revenue Laws of the United States for the recovery of taxes assessed and collected from Murr. This Court has jurisdiction under the provision of Title 28, U.S.C. § 1346(e) and Title 26, U.S.C. § 7426, as further described below.

### Parties

2. Murr now and at all relevant times resides in Neptune Beach, County of Duval, State of Florida, and venue is proper in this District under 28 U.S.C. § 1391.

3. Defendant USA, by virtue of a claim against its agency IRS, an agency within the Department of Treasury.

## WRONGFUL LEVY

4. Murr and her husband owned certain homestead property in Neptune Beach, County of Duval, State of Florida, which they sold in 2017 to an unrelated third-party.

5. Defendant USA, by and through its agency IRS, had filed a Notice of Federal Tax Lien which encumbered the homestead property.

6. On or around November 29, 2017, Murr and her husband filed a formal Application for Discharge of Federal Tax Lien seeking to have their homestead property discharged from any filed Notices of Federal Tax Lien in order to pass clear and marketable title to the third-party purchaser.

7. Although Murr owed individual income taxes (Form 1040, U.S. Individual Income Tax Return), for tax years 2011 and 2014 jointly with her husband, her husband also owed additional taxes for Trust Fund Recovery Penalty ("TFRP") liabilities.

8. As part of the Application for Discharge of Federal Tax Lien, Murr, through the undersigned attorney, provided IRS with the calculation reflecting the division of proceeds based upon the filed Notices of Federal Tax Lien.

9. To facilitate the sale before year end, sufficient funds were held by the title company to pay all Notices of Federal Tax Lien, including those exclusively allocable and attributable to Murr's husband based upon his TFRP liabilities.

10. These funds were supposed to be held until a date certain, at which time the title company would have the right to release all of the parties or entertain a further extension of time.

On Thursday, January 18, 2018, the IRS issued a Conditional Commitment Letter detailing the amount required for the Discharge (and indirectly, the issuance of a Certificate of Release of Federal Tax Lien for the joint liabilities of Murr and her husband), which determination accepted the calculation by Murr's attorney.

11.   The title company prematurely released one hundred (100%) percent of the funds which included Murr's share which was not subject to levy or capture under or by virtue of a Notice of Federal Tax Lien.

12.   The Lien Advisor who made the determination and was reviewing the matter was contacted, but ignored the request for turnover of the excess funds.

13.   Murr filed formal claims for refund for tax years 2011 and 2014 (Form 1040), and 4th Q 2009 (TFRP) for return of the excess funds pursuant 26 U.S.C. § 6343(b). The Advisor who is reviewing and attempting to process the claim has indicated that IRS is honoring the claim and will refund the overpayment, but due to certain complications and the need to pursue a manual refund, the refund will not be issued prior to the two (2) year statute of limitations under 26 U.S.C. § 6532(c).

14.   Murr is entitled to recovery under 26 U.S.C. § 7426(a)(1) in that the homestead property has been sold pursuant to a lien or levy, and Murr is a person who claimed an interest in or lien on the property and that property was wrongfully levied upon pursuant to a Notice of Federal Tax Lien.

15.   Further, or in the alternative, Murr is entitled to bring this action under 26 U.S.C. § 7426(a)(2) as the homestead property was sold pursuant to a lien or levy, and Murr is a person who claims an interest in or lien on the property and entitled to the surplus proceeds over and above her

allocable share which was taken by the Defendant USA / IRS.

16.     Further, or in the alternative, Murr is entitled to recover under 26 U.S.C. § 7426(a)(3) as the property has been sold pursuant to an agreement with IRS, and Murr is a person who claims legal title to a portion of the amount held as a fund pursuant to such agreement, which funds were paid over to Defendant USA / IRS.

17.     Should USA / IRS fail or refuse to refund the money notwithstanding its verbal assurances that it will, and to avoid the running of the two (2) statute of limitations, Murr was obligated to file this action to protect her rights pending the receipt of the refund, or absent that, to prosecute the lawsuit and her right to the excess proceeds wrongfully levied and retained by USA / IRS.

**WHEREFORE,** Murr prays that the Court grant the following relief:

(1)     Enter an Order for Judgment requiring the United States of America, Treasury Department, Internal Revenue Service to refund the excess amount received by and retained by it.

(2)     Award Murr reasonable attorney fees and taxable costs as may be recoverable under I.R.C. § 7430 or such other applicable authority; and

*[Intentionally Left Blank]*

(3)     Award such further relief and damages as may be just and equitable as the Court deems proper.

JOHNSON and JOHNSON, P.A.

By: _____
**KEITH H. JOHNSON,** Esquire
**Lead Trial Counsel**
8810 Goodby's Executive Drive, Suite A
Jacksonville, Florida   32217
Tel.:  (904) 737-5930
Fax:  (904) 737-5966
Florida Bar №.: 0342939
E-Mail:  keith-j@comcast.net
Co-Counsel for Plaintiff

By: _____
**ADAM L. HEIDEN,** Esquire
Florida Bar №.: 0050817
E-Mail: aheiden@johnsonandjohnsonpa.com